John T. Burnite, No. 162223
MCDOWELL HETHERINGTON LLP
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone:    510-628-2145
Facsimile:    510-628-2146
Email:  john.burnite@mhllp.com

Amy B. Boyea (to be admitted *pro hac vice*)
Emily K. Felix (to be admitted *pro hac vice*)
MCDOWELL HETHERINGTON LLP
1000 Ballpark Way, Suite 209
Arlington, TX 76011
Telephone: 817-635-7300
Facsimile:  817-635-7308
Email: amy.boyea@mhllp.com
Email: emily.felix@mhllp.com

*Attorneys for Plaintiff*
THE PENN MUTUAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| THE PENN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CODA PROJECT, INC.,<br><br>Defendant. | Case No.<br><br>**PLAINTIFF THE PENN MUTUAL LIFE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff The Penn Mutual Life Insurance Company files this Complaint for Declaratory Judgment against Defendant Coda Project, Inc. as follows:

**PARTIES**

1.     Plaintiff The Penn Mutual Life Insurance Company ("Penn Mutual") is a corporation incorporated under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. Penn Mutual is authorized to transact the business of insurance in California. Penn Mutual is a citizen of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332.

2. Defendant Coda Project, Inc. ("Coda") is a corporation incorporated under the laws of the state of Delaware with its principal place of business in Mountain View, California. Coda is authorized to transact business in California. Coda is a citizen of California within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states, as set forth above, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has jurisdiction over this declaratory judgment action under Federal Rule of Civil Procedure 57 and 28 USC §§ 2201–2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought." There exists a true, actual controversy between the parties that is real and immediate.[1]

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Coda resides in this District.

## FACTUAL BACKGROUND

6. Shishir Mehrotra ("Mehrotra") and Coda (together, the "Applicants") submitted a written application for a life insurance policy in the amount of $5,000,000.00, with Mehrotra as the insured and Coda as the owner, on or about September 13, 2021 (the "Application").

7. The Application contained a Physician And Health Information section, consisting of two parts: (I) Personal Physician Information, and (II) Health Questions. This section of the Application sought information regarding Mehrotra's health and medical history.

8. The Disclosures, Acknowlegments and Representations section of the Application provided, in pertinent part, the following Representation and Acknowledgment above the signature lines

---

[1] Where such an independent basis for jurisdiction exists, "'[t]he sole requirement for jurisdiction under the [Declaratory Judgment] Act is that the conflict be real and immediate, i.e., that there be a true, actual controversy required by the Act.'" *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (quoting *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988)).

of the proposed insured (Mehrotra) and owner (Coda):

> I (we), the Proposed Insured(s), and the Applicant(s) if other than the Proposed Insured(s), . . . represent that the Authorization, statements and answers in this application are written as made by me (us) and are complete and true to the best of my (our) knowledge and belief. I (we) the Proposed Insured(s), or the Applicant(s) if other than the Proposed Insured(s) agree that they will be a part of the contract of insurance if issued, that I (we) will be bound by such statements and answers, and that the Company, believing them to be true, will rely and act upon them[.]

9. In underwriting and issuing the Policy (defined below), Penn Mutual reasonably relied on representations in the Application regarding Mehrotra's health and medical history to determine whether to issue the Policy and in assessing the risk it would accept by doing so. Penn Mutual further relied upon the Applicants' representations in determining the appropriate or applicable charges to assess for insurance premiums.

10. In reliance on the Application, Penn Mutual issued life insurance policy No. 2871502, insuring the life of Mehrotra in the face amount of $5,000,000.00 and owned by Coda, with a Date of Issue of September 27, 2021 (the "Policy").

11. The Policy contains the following contestability provision:

> **Incontestability**—All statements made in any application for this Policy are, in the absence of fraud, representations and not warranties. No statement will void this Policy or be used to contest a claim under it unless the statement is contained in the application, a copy of which is attached to and made a part of this Policy. This Policy will be incontestable after it has been in force during the life of the Insured for two years from the Date of Issue, except for fraud in the procurement of the Policy, when permitted by applicable law.

12. After the Policy was issued, and prior to the end of the Policy's two-year contestability period, Penn Mutual learned for the first time that the Applicants made material misrepresentations on the Application. Specifically, Penn Mutual learned that the Applicants failed to disclose certain of Mehrotra's

medical diagnoses, treatments, and conditions which should have been disclosed in the Application.[2]

13. These misrepresentations and/or fraudulent statements, omitted facts, concealed material facts, and/or other failure to accurately, honestly, and/or truthfully answer and disclose material information were integral to Penn Mutual's decision to issue the Policy.

14. Penn Mutual did not know these representations were false. If the Applicants had provided full and accurate disclosures in the Application, Penn Mutual would not have issued the Policy as issued. The Applicants' failure to disclose Mehrotra's true health conditions and medical history was material to Penn Mutual's determination of the risk insured by the Policy.

15. By letters dated December 29, 2022, Penn Mutual notified Mehrotra and Coda that it was rescinding the Policy based on the material misrepresentations contained in the Application and made a part of the Policy.

16. Penn Mutual further tendered to Coda a refund of all premiums paid for the Policy in the amount of $4,079.42 to rescind the Policy.

## COUNT I - DECLARATORY RELIEF

17. Penn Mutual incorporates herein by reference each of its allegations contained in the preceding paragraphs.

18. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, Penn Mutual seeks a declaratory judgment that the Policy is null, void, and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions made on the Application, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

19. "California law permits an insurer to rescind a policy when the insured has misrepresented or concealed material information in connection with obtaining insurance." *Tran v. Kansas City Life Ins. Co.*, 228 F. Supp. 3d 1068, 1073 (C.D. Cal. 2017). Answers to specific questions in an application for insurance are material because the fact that the insurer puts a question in writing and asks for written

---

[2] Under federal and state privacy laws and the Federal Rules of Civil Procedure, Penn Mutual is not in a position to further elaborate on the exact nature of the material misrepresentations made to Penn Mutual by the Applicants. If required at some later time, Penn Mutual will file relevant materials under seal with the Court.

answers is proof of their materiality. *Id.* at 1077. And "whether a misrepresented fact is material turns on whether its truthful disclosure would have affected the insurer's decision whether to grant the policy." *Bhakta v. Hartford Life & Annuity Ins. Co.*, 673 F. App'x 762, 764 (9th Cir. 2016). By the effect the truthful disclosure would have had on the insurer, if the insurer would not have issued the policy but for the misrepresentation, the misrepresentation is considered material. *Trinh v. Metro. Life Ins. Co.*, 894 F. Supp. 1368, 1372–73 (N.D. Cal. 1995).

20. Here, the misrepresentations, omissions, concealment of facts, and incorrect statements in the Application were material and affected Penn Mutual's decision to issue the Policy. Penn Mutual would not have issued the Policy as issued if the true facts had been made known to Penn Mutual as required by the Application for the Policy.

21. On a timely basis and in accordance with the provisions of the Policy, Penn Mutual notified the Applicants of its determination to rescind the Policy because of the material misrepresentations and tendered a refund in full of the premiums paid for the Policy to Coda.

22. Coda has not negotiated the premium refund check as of the date of this Complaint.

23. An actual controversy has arisen and now exists between Penn Mutual and Coda concerning their respective rights and duties under the Policy. Penn Mutual contends that, by reasons set forth above, and pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201 *et seq.,* a judicial declaration is necessary.

## REQUEST FOR RELIEF

WHEREFORE, The Penn Mutual Life Insurance Company requests judgment against Defendant Coda Project, Inc. as follows:

1. An order declaring and adjudging that the Policy is null, void, and rescinded *ab initio*, that no insurance was ever in effect under the Policy, and that no benefits are due or payable under the Policy.

2. An order awarding Penn Mutual its costs of court; and

3. An order awarding any other relief the Court deems equitable and just to Penn Mutual.

Case No.  5

PLAINTIFF THE PENN MUTUAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT

Dated: September 27, 2023							McDOWELL HETHERINGTON LLP

									By: */s/ John T. Burnite*
									John T. Burnite
									Amy B. Boyea (to be admitted *pro hac vice*)
									Emily K. Felix (to be admitted *pro hac vice*)

									*Attorneys for Plaintiff*
									THE PENN MUTUAL LIFE INSURANCE COMPANY